

NEW YORK

99 Madison Avenue, 8th Floor
New York, New York 10016

Tel  (212) 271-0664
Fax  (212) 271-0665

michaelyi@lackwrr.com

July 11, 2025

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York  10007-1312

      Re:   *In Re: William Curtis Wood*
                <u>Case No. 1:25-cv-4722-GHW</u>

Dear Judge Woods:

    Our firm is counsel of record to the appellee Tamara Fox in the referenced proceeding.

    In connection with the telephonic conference scheduled for today at 3 pm, we are submitting herewith two letters (copies of which we received yesterday), as we believe these letters to be pertinent to our position on the appellant's counsel's motion to be relieved.

                                                  Respectfully,

                                                  Michael M. Yi

cc (via ECF): Dawn Kirby, Esq.

July 4, 2025

## Amicus Letter in Support of Dr. Sanjay Om Tewari and Dr. William Curtis Wood
### Re: In re Sanjay Om Tewari / In re William Curtis Wood

**To:**
Chief United States Bankruptcy Judge Martin Glenn
United States Bankruptcy Judge David S. Jones


RECEIVED JUL -9 2025 U.S. BANKR. SO DIST OF NEW YORK

**Dear Honorable Judges Glenn and Jones,**

We respectfully submit this letter as amici in support of the debtors, **Dr. Sanjay Om Tewari** and **Dr. William Curtis Wood**, both of whom have been subject to contentious matrimonial proceedings previously overseen by **Judge Kathleen Waterman-Marshall** and now reassigned to **Judge Linda Capitti** in the New York State Supreme Court, Matrimonial Part.

We write to highlight concerns that transcend individual family law disputes and implicate broader issues at the intersection of family court practices, professional misconduct, and bankruptcy protections. We urge this Honorable Court to consider how systemic matrimonial court practices—particularly those involving judicial overreach, misuse of statutory interpretation, and enabling of financially coercive litigation—have played a significant role in forcing both Dr. Tewari and Dr. Wood into bankruptcy.

### I. Judicial Misconduct and Abuse of Discretion by Judge Waterman-Marshall

As your Honorable Courts are aware, Judge Waterman-Marshall was found to have violated the automatic stay in both bankruptcy proceedings:

- On April 29, 2022, Chief Judge Glenn granted a preliminary injunction against enforcement of Judge Waterman-Marshall's contempt order and arrest warrant, stating that the debtor was entitled to protection under the automatic stay.

- On May 13, 2025, Judge David S. Jones found that Judge Waterman-Marshall's actions willfully violated the automatic stay, stating:

    "Violation was 'willful' as that statutory term is construed by applicable caselaw … aspects of the November 4, 2024 contempt order did violate the automatic stay …"

These findings of willful violations are especially troubling in light of Judge Waterman-Marshall's prior professional and personal experience with bankruptcy law:

1. She has filed for bankruptcy herself on at least two occasions (1996 and 2010).

1

2. As an attorney, she previously litigated matters involving the automatic stay and is therefore well-acquainted with its meaning and legal force.

It is therefore our belief that these violations were not due to negligence or oversight, but rather reflect a pattern of deliberate judicial overreach.

## II. Systemic Bias Against Fathers in Matrimonial Proceedings

Both Dr. Tewari and Dr. Wood are among a growing class of litigants—predominantly fathers—who report experiencing systemic bias in New York matrimonial courts. In both cases, the litigants were subjected to aggressive legal strategies that leveraged controversial and, at times, unsubstantiated claims to justify severe financial penalties, loss of parental rights, and coerced settlements.

Of particular concern is Judge Waterman-Marshall's documented approach to applying New York's "bad actor" statute in ways that disproportionately impact fathers. As she has stated in her own public biography:

> "Justice Waterman-Marshall was the first judge to interpret and apply an amendment to the Domestic Relations Law that now requires the court to consider domestic violence in the distribution of marital assets, thus redressing ... emotional and physical abuse and financial coercive control..."

While the legislative intent of this statute is laudable, its application has in many instances, including those of Dr. Tewari and Dr. Wood, been weaponized without sufficient factual foundation, allowing litigants represented by certain law firms to obtain unjust outcomes.

## III. Role of High-Conflict Litigation Firms and Financial Exploitation

We also note the roles of the law firms representing the spouses in these cases—namely, **Blank Rome LLP** and **Lee Anav Chung White Kim Ruger & Richter LLP (LACWKRR)**. Both are known within the legal community for deploying high-conflict litigation strategies, often pursuing protracted proceedings that exhaust marital estates and force opposing parties into unsustainable financial positions.

In multiple instances, Blank Rome and LACWKRR have:

- Advanced narratives of domestic abuse or parental unfitness with little to no evidentiary support,
- Sought and received exorbitant legal fees,
- Pursued enforcement actions that interfere with bankruptcy protections,
- Benefited from judicial rulings that appear aligned more with enabling fee collection than the interests of justice or child welfare.

2

We respectfully submit that such practices contribute to what amounts to a financial funneling scheme, wherein judges enable certain firms to be paid even at the expense of bankrupting one party and harming children in the process.

## IV. The Need for Scrutiny and Structural Accountability

Given the gravity of these issues—and the reputational and professional damage suffered by the debtors as a result—we urge your Honorable Courts to continue to scrutinize the conduct of Judge Waterman-Marshall and the legal machinery that enabled these harms.[1] The violation of the automatic stay is not merely a procedural issue; it reflects a systemic failure in which the family court process is leveraged to extract wealth under color of law, even when doing so contravenes fundamental bankruptcy protections.

We believe that the bankruptcy court stands as one of the few remaining safeguards for these individuals, whose parental rights, reputations, and financial futures have been put at risk due to judicial and legal misconduct in state court.

## V. Conclusion

In sum, we ask this Court to take into account:

- The **willful and repeated violations** of the automatic stay by a judge with knowledge of its legal significance;

- The broader **pattern of inequitable treatment** and financial coercion in these matrimonial cases;

- The **institutional failures** that allowed these outcomes to occur under judicial supervision.

We thank the Court for its careful attention to these matters and trust that it will continue to enforce the protections that bankruptcy law is intended to afford especially where those protections stand between vulnerable litigants and judicial abuse.

Copies to:

Hon. Rowan D. Wilson
Hon. Dianne T. Renwick
Hon. Suzanne Adams
NYS Commission on Judicial Conduct

---

[1] In both Dr. Tewari's and Dr. Wood's cases, Blank Rome and LACWKRR engaged in financially aggressive litigation strategies that contributed directly to the economic duress culminating in the bankruptcy filings.

3

July 7, 2025

Departmental Disciplinary Committee for the First Department
180 Maiden Lane
17th Floor
New York, NY 10038

Dear Members of the Attorney Grievance Committee:

We are writing to file a formal grievance against **Attorney Brett S. Ward, Attorney Judith E. White**, and **Judge Kathleen C. Waterman Marshall**, citing serious violations of the New York Rules of Professional Conduct, constitutional protections, and federal bankruptcy law. These individuals have, both collectively and individually, engaged in conduct that undermines the integrity of the legal profession, the fair administration of justice, and public trust in the judiciary.

This complaint arises from litigation matters that resulted in the forced bankruptcy of two individuals, **Dr. Sanjay Om Tewari** and **Dr. William Curtis Wood**, through coercive, high-conflict matrimonial litigation presided over by Judge Waterman Marshall and engineered by Attorneys Ward (of Blank Rome) and White (of Lee Anav Chung White Kim Ruger & Richter). Both cases exhibit a pattern of judicial overreach, unethical litigation strategies, and willful violations of federal court orders.

For example:

- On April 29, 2022, Chief Judge Martin Glenn of the U.S. Bankruptcy Court issued a preliminary injunction against enforcement of Judge Waterman Marshall's contempt order and arrest warrant, citing a violation of the automatic stay under 11 U.S.C. § 362.

- On May 13, 2025, Judge David Jones ruled that Judge Waterman Marshall's actions willfully violated the automatic stay, confirming a misuse of judicial authority with serious financial and constitutional consequences.

The grievances set forth below highlight a pattern of systemic abuse in family court proceedings (particularly affecting fathers) who face erosion of parental rights, financial coercion, and retaliatory tactics facilitated through judicial alignment with financially motivated litigators.

*Failure to Protect the Rights of an Unrepresented Litigant*

In the matter of Dr. Tewari, an unrepresented litigant, Judge Waterman Marshall sentenced him to three months in jail for civil contempt. His wife, Geeta Kohli, was represented by Mr. Ward, whose firm, Blank Rome, accrued over $1 million in legal fees during the litigation.

Despite being fully aware that Dr. Tewari faced incarceration without legal representation, Mr. Ward failed to inform the court—and Judge Waterman Marshall failed in her judicial duty to ensure—that Dr. Tewari was entitled to court-appointed counsel under New York law. This represents a serious denial of due process, as the U.S. and New York Constitutions require that a litigant facing a loss of liberty be afforded the right to legal representation.

Mr. Ward not only remained silent on this critical constitutional safeguard, but actively and aggressively advocated for Dr. Tewari's imprisonment by pressing the court for punitive measures while knowing the litigant lacked legal counsel (as well as the financial means to satisfy the judgment or engage counsel). This conduct reflects a willful disregard for basic fairness and due process, and demonstrates a profound ethical deficiency and unfitness to practice law, particularly in matters involving liberty interests.

Judge Waterman Marshall's conduct was particularly egregious given that she initiated the contempt proceedings, presided over them, and imposed a sentence all without advising or inquiring whether Dr. Tewari had waived his right to counsel knowingly and voluntarily. The failure to protect these rights represents not only a violation of judicial ethics but also a constitutional failure with lasting consequences.

Violations:

- Rule 1.1(c) – A lawyer shall not intentionally prejudice or damage another party.
- Rule 3.3(a)(1) & (2) – Duty of candor to the tribunal.
- Rule 3.8(b) – Special responsibility to ensure constitutional safeguards in proceedings involving potential loss of liberty.
- Rule 8.4(d) – Conduct prejudicial to the administration of justice.
- Failing to uphold constitutional protections as required by the New York Rules of Judicial Conduct (22 NYCRR § 100.3(B)(1)), which mandates that judges "uphold and apply the law" and "perform all duties of judicial office fairly and impartially."
- Denying due process by imposing a custodial sentence without ensuring that the litigant had access to legal counsel or had voluntarily and knowingly waived such right.

### *Unethical Litigation Practices and Systemic Harm*

Mr. Ward and Ms. White have developed reputations within the legal community for deploying overly aggressive and ethically questionable litigation strategies, often relying on unsubstantiated allegations of domestic abuse or parental unfitness. These narratives are disproportionately leveraged against fathers to:

- Prolong proceedings unnecessarily;
- Exhaust marital estates;
- Coerce settlements or defaults;
- Generate excessive attorney fees, often paid through court-facilitated awards.

Their pattern of practice appears to be intentionally exploitative by targeting vulnerable or self-represented litigants and using emotional claims as leverage to obtain favorable outcomes. This behavior was amplified in Judge Waterman Marshall's courtroom, where both attorneys routinely advanced these tactics with little evidentiary support.

Violations:

- Rule 1.5(a) – Charging or seeking to collect unreasonable fees.
- Rule 3.1 – Asserting frivolous claims and contentions.
- Rule 4.1 – Making false or misleading statements.
- Rule 8.4(c) – Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

### *Ex Parte Communications and Judicial Influence*

We have credible reason to believe that Attorneys Ward and White have each engaged in ex parte communications with Judge Waterman Marshall in multiple ongoing matters (including in a pending matrimonial matter involving a client of Ms. White in front of Judge Waterman Marshall).[1] These communications appear to have shaped procedural outcomes to the benefit of their respective clients and financial interests, and to the detriment of due process.

Violations:

- Rule 3.5(a)(1) – Engaging in improper ex parte communication with a judge.
- Rule 8.4(f) – Assisting a judge in conduct that violates judicial duties.

### *Disregard for Federal Bankruptcy Protections*

In both the Tewari and Wood matters, Attorneys Ward and White respectively pursued enforcement actions, including contempt proceedings and arrest warrants, that directly violated the automatic stay in federal bankruptcy proceedings. Judge Waterman Marshall's contempt orders and warrants were found to be willful violations of federal law, yet the attorneys continued to press these matters for financial gain.

**Violations:**

- Rule 3.4(c) – Knowingly disobeying the rules of a tribunal, including federal court orders.
- Rule 8.4(d) – Conduct prejudicial to the administration of justice.

### *Manipulation of Media and Public Narrative*

---

[1] Despite being reassigned in January 2025, Judge Waterman Marshall held on to a handful of matrimonial matters.

Following the release of investigative reports by NBC News in August 2024 highlighting judicial misconduct by Judge Waterman Marshall, Attorneys Ward and White reportedly organized coordinated efforts to influence or revise the coverage, including direct communications with journalists and third-party advocates aimed at suppressing or reshaping the narrative. This raises significant ethical concerns regarding lawyers influencing public discourse about judges with whom they have active cases.

Violations:

- Rule 8.4(e) – Improperly influencing public officials or the media.
- Rule 8.4(h) – Conduct adversely reflecting on the lawyer's fitness to practice.

*Request for Investigation*

We respectfully request that your office:

- Conduct a thorough investigation into the conduct of Mr. Ward (of Blank Rome) and Ms. White (of LACWKRR), including their litigation practices in the cases involving Dr. Tewari and Dr. Wood;

- Examine their coordinated interactions with Judge Waterman Marshall, including any patterns of ex parte communication or preferential treatment[2];

- Review the implications of these actions as part of a systemic pattern of professional misconduct and violations of constitutional rights and federal law.

We are preparing to submit supporting documentation including court transcripts, orders, communications, and media reports that further substantiate the concerns outlined above.[3]

Thank you for your attention to this serious matter and for your continued dedication to upholding the standards of professional responsibility in the State of New York.

CC:

Blank Rome LLP / General Counsel

Lee Anav Chung White Kim Ruger & Richter LLP / General Counsel

---

[2] A complaint regarding ex parte interactions involving Judge Waterman Marshall was previously submitted to The Commission on Judicial Conduct.
[3] The allegations of fabricated domestic abuse are countless, including one case whereby a wife represented by one of the named attorneys claimed after coaching to have been raped by her husband over a 10-year period.