UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re WILLIAM CURTIS WOOD,

                            Debtor.

-----------------------------------------------------------------X

WILLIAM CURTIS WOOD,

                            Appellant,

           v.

TAMARA FOX,

                            Appellee.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/21/2025

1:25-cv-4722-GHW

**ORDER**

GREGORY H. WOODS, United States District Judge:

      On June 5, 2025, Appellant filed a notice of appeal from a May 13, 2025 order issued by Judge David S. Jones of the United States Bankruptcy Court for the Southern District of New York. Dkt. No. 1. Federal Rule of Bankruptcy Procedure Rule 8009(a)(1), provides that:

> The appellant must:
>   A) file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented; and
>   B) file and serve the designation and statement on the appellee within 14 days after:
>       the notice of appeal as of right has become effective under Rule 8002; or
>       an order granting leave to appeal has been entered.

Fed. R. Bankr. P. 8009(a)(1). Rule 8003(a)(2) further authorizes a district court to "act as it considers appropriate, including dismissing the appeal," where an appellant "fail[s] to take any step other than the timely filing of a notice of appeal." Fed. R. Bankr. P. 8003(a)(2).

      Well over two months have passed since Appellant filed the notice of appeal in this matter. As of the date of this order, there is no indication on the docket that Appellant filed a designation and statement as required by Federal Rule of Bankruptcy Procedure Rule 8009(a)(1). "If an

appellant fails to file a Designation and Statement on time, he must demonstrate 'excusable neglect' to avoid dismissal of his appeal." *In re 199 E. 7th St. LLC*, 2017 WL 2226592, at *1 (S.D.N.Y. May 19, 2017) (citing *Lynch v. United States (In re Lynch)*, 430 F.3d 600, 603 (2d Cir. 2005)) (collecting cases); *see also Koch v. Preuss*, 2020 WL 1304084, at *3–4 (S.D.N.Y. Mar. 18, 2020) (dismissing a bankruptcy appeal where the appellant failed to follow the Federal Rules of Bankruptcy Procedure and independently failed to prosecute his appeal).

Similarly, Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "[T]his Rule applies in the context of bankruptcy appeals as well." *In re Archibald*, , 2024 WL 2093644, at *1 (S.D.N.Y. May 9, 2024) (collecting cases); *see also Armstrong v. Guccione*, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute").

Because Appellant has taken no steps to advance his case in over two months, Appellant is ordered to show cause no later than September 5, 2025 as to why this case should not be dismissed pursuant to the Federal Rules of Bankruptcy Procedure or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to mail a copy of this order to Appellant.

SO ORDERED.

Dated: August 21, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge