UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:                                                            Case No. 1:25-cv-04722-GHW

WILLIAM CURTIS WOOD,

                Debtor.
------------------------------------------------------------------X
WILLIAM CURTIS WOOD,

                Appellant,

    - against -

TAMARA FOX,

                Appellee.
------------------------------------------------------------------X

## APPELLEE'S BRIEF

On Appeal from a Decision on Debtor's Motion to Enforce Automatic Stay, dated May 13, 2025, and an Order, dated June 3, 2025, in the United States Bankruptcy Court for the Southern District of New York, Bankruptcy Case No. 24-11718 (DSJ).

 

LEE ANAV CHUNG WHITE
KIM RUGER & RICHTER LLP

By: _____
       Michael M. Yi

99 Madison Avenue, 8th Floor
New York, New York  10016
(212) 271-0664

*Attorneys for Appellee*
*Tamara Fox*

## **Table of Contents**

Table of Authorities ................................................................................................................. iii

Statement of the Issues .............................................................................................................. 1

Statement of the Case ................................................................................................................ 1

Standard of Review ................................................................................................................... 3

Argument .................................................................................................................................... 4

      I.      THE APPELLANT HAS WAIVED THE ARGUMENT
             THAT THE AWARD OF $75,000 IN INTERIM COUNSEL FEES
             DOES NOT CONSTITUTE A DOMESTIC SUPPORT OBLIGATION ............... 4

      II.     THE BANKRUPTCY COURT'S FINDING THAT
             THE $75,000 AWARD FOR INTERIM COUNSEL FEES
             IS A DOMESTIC SUPPORT OBLIGATION WAS NOT CLEAR ERROR ......... 8

      III.    THE BANKRUPTCY COURT'S DECISION WAS NOT
             BASED ON ANY FINDING OF BAD FAITH BY THE APPELLANT ............. 15

Conclusion ............................................................................................................................... 16

## **Table of Authorities**

**Cases**                                                                                                                    Pages

*Bogle-Assegai v. Connecticut*
470 F.3d 498 (2d Cir. 2006) ..................................................................................................6, 7

*Camreta v. Greene*
563 U.S. 692 (2011) ...............................................................................................................7

*Forsdick v. Turgeon*
812 F.2d 801 (2d Cir. 1987) ..................................................................................................4

*In re DiBattista*
615 B.R. 31 (S.D.N.Y. 2020) ............................................................................................3, 4

*In re Ernst*
382 B.R. 194 (S.D.N.Y. 2008) ..............................................................................................3

*In re Grubb & Ellis Co.*
523 B.R. 423 (S.D.N.Y. 2014) ..............................................................................................7

*In re Maddigan*
312 F.3d 589 (2d Cir. 2002) ................................................................................10, 11, 13

*In re Miller*
501 B.R. 266 (Bankr. E.D. Pa. 2013) ...........................................................................10, 11

*In re Nortel Networks Corp. Secs. Litig.*
539 F.3d 129 (2d Cir. 2008) ..................................................................................................6

*In re Rogowski*
462 B.R. 435 (Bankr. E.D.N.Y. 2011) ................................................................................10

*In re Spong*
661 F.2d 6 (2d Cir. 1981) ....................................................................................................10

*In re Thiessen*
606 F. Supp. 3d 65 (S.D.N.Y. 2022) ....................................................................................4

*In re Vebeliunas*
332 F.3d 85 (2d Cir. 2003) ....................................................................................................3

*Knipe v. Skinner*
999 F.2d 708 (2d Cir. 1993) ..................................................................................................5

*Meyer v. Seidel*
89 F.4th 117 (2d Cir. 2023) ..................................................................................................6

*Prichep v. Prichep*
52 A.D.3d 61 (2d Dep't 2008) ............................................................................................14

*Rivera v. Home Depot USA, Inc.*
776 Fed. Appx. 4 (2d Cir. 2019) ..........................................................................................7

*Spencer v. Casavilla*
44 F.3d 74 (2d Cir. 1994) .....................................................................................................7

*Trust for the Certificate Holders of the Merrill Lynch Mortg. Investors, Inc. v. Love Funding Corp.*
496 F.3d 171 (2d Cir. 2007) .................................................................................................7

**Statutes**                                                                                                                              Pages

N.Y. Dom. Rel. Law § 237(a)............................................................................................... 1

**Statement of the Issues**

1.  Did the Appellant waive the argument that an award of $75,000 in interim counsel fees, ordered by the Matrimonial Court in a pending divorce action between the parties, did not constitute a domestic support obligation, where his motion papers before the Bankruptcy Court were based on the punitive nature of the Matrimonial Court's separate award of $25,000 as a sanction against him?

    Proposed Answer:  Yes.

2.  Did the Bankruptcy Court's finding that the Matrimonial Court's award of $75,000 in interim counsel fees, which the Matrimonial Court awarded to the Appellee as "the less-monied spouse" pursuant to New York Domestic Relations Law § 237(a), and which award the Appellant did not oppose and did not appeal, constitute clear error?

    Proposed Answer:  No.

3.  Did the Bankruptcy Court's decision that the award of $75,000 in interim counsel fees is a domestic support obligation require a finding of bad faith by the Appellant?

    Proposed Answer:  No.

**Statement of the Case**

This appeal is brought by William Curtis Wood ("Dr. Wood" or the "Appellant"), a pro se litigant who is also the plaintiff in a pending matrimonial action against his wife, appellee Tamara Fox ("Ms. Fox" or the "Appellee").  Ms. Fox and Dr. Wood are parties to the matrimonial action pending in the Supreme Court of the State of New York, County of New York (the "Matrimonial Court"), under Index Number 365159/2020 (the "Matrimonial Action").  In July, 2024, the Matrimonial Court issued an Order, dated July 29, 2024 (the "July 2024 Order"), which both awarded Ms. Fox interim counsel fees in the amount of $75,000 and

sanctioned Dr. Wood in the amount of $25,000. Bankr. ECF[1] Doc. No. 23-3. The July 2024 Order was not appealed. Dr. Wood refused to pay; the Matrimonial Court then scheduled a contempt hearing for October 22, 2024 to address Dr. Wood's refusal to pay (the "Contempt Hearing"). Prior to the Contempt Hearing, Dr. Wood filed a voluntary Chapter 7 petition and commenced the underlying bankruptcy case.

At the Contempt Hearing, the Matrimonial Court was informed of Dr. Wood's bankruptcy filing. The Matrimonial Court adjourned the hearing and gave Dr. Wood another opportunity to submit his opposition to Ms. Fox's motion for sanctions, which he again failed to do. Thereafter, the Matrimonial Court directed both parties to submit argument on whether the automatic stay would prevent it from compelling payment of the previously-ordered counsel fees. In submissions by her counsel, Ms. Fox argued that the court had such authority. Dr. Wood, meanwhile, submitted nothing.

On or about November 4, 2024, the Matrimonial Court issued an order finding Dr. Wood in contempt of court (the "November 2024 Order"). Bankr. ECF Doc. No. 18-5. Dr. Wood then filed the motion to "enforce the automatic stay" which gave rise to the Bankruptcy Court's decision, dated May 13, 2025 (the "Decision"), and to this appeal.

The Bankruptcy Court granted Dr. Wood the relief which he sought. The Bankruptcy Court agreed with him that, to the extent that Ms. Fox sought payment from assets which were part of the bankruptcy estate, the automatic stay applied to her efforts to collect. The Bankruptcy Court found that, by not limiting the Matrimonial Court order to collect only from non-

---

[1] "Bankr. ECF" refers to the docket in the underlying case before the United States Bankruptcy Court for the Southern District of New York, Bankruptcy Case No. 24-11718 (DSJ). All documents cited in this brief are listed in the Appellant's Designation of Record on Appeal, dated July 1, 2025. *See* ECF Doc. No. 22-1.

2

bankruptcy estate assets, Ms. Fox violated the automatic stay.  Finally, the Bankruptcy Court awarded Dr. Wood actual damages in the amount of $5,000, to be applied as a reduction to his payment obligations to Ms. Fox in the Matrimonial Action.

This relief is precisely what Dr. Wood sought in his underlying motion.  Now, he faults the Bankruptcy Court for granting that relief, by advancing arguments which he failed to make to that court and assuming facts he failed to establish before the Matrimonial Court.  Indeed, given that the July 2024 Order was never appealed by Dr. Wood, the findings of the Matrimonial Court, consistent with New York law, are dispositive of the factual issue as to whether the $75,000 in counsel fees awarded to Dr. Fox were a non-dischargeable domestic support obligation.  The Decision was based on the Bankruptcy Court's careful consideration of applicable case law and both the July 2024 Order and the November 2024 Order, which themselves were thorough and well-reasoned, despite the lack of any opposition by Dr. Wood.  As the Bankruptcy Court determined, "[t]he state court awarded these interim counsel fees because 1) the Debtor was 'the more-monied spouse' and 2) New York Domestic Relations Law § 237(a) 'provides a rebuttable presumption that counsel fees be awarded to the less-monied spouse.'"  The Decision should be affirmed.

## Standard of Review

"Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo."  *In re DiBattista*, 615 B.R. 31, 37-38 (S.D.N.Y. 2020) (quoting *R2 Invs., LDC v. Charter Commc'ns, Inc. (In re Charter Commc'ns Inc.)*, 691 F.3d 476, 482-83 (2d Cir. 2012)).  *See also In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003); *In re Ernst*, 382 B.R. 194 (S.D.N.Y. 2008).

The Bankruptcy Court's determination that the award of interim counsel fees constitutes

a domestic support obligation is subject to review for clear error. *See Forsdick v. Turgeon*, 812 F.2d 801, 802 (2d Cir. 1987) ("we need only determine whether the bankruptcy court was clearly erroneous in holding that the $100,000 obligation owed by the husband to the wife was actually in the nature of alimony"). "When reviewing for clear error, [the Court] may reverse only if [it is] left with the definite and firm conviction that a mistake has been committed." *In re DiBattista*, 615 B.R. at 38 (quoting *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015)). "Thus, if the factual findings of the bankruptcy court are plausible in light of the record viewed in its entirety, this Court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* (quoting *Savage & Assocs., P.C. v. Williams Commc'ns (In re Teligent Servs., Inc.)*, 372 B.R. 594, 599 (S.D.N.Y. 2007)). "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quoting *In re Teligent Servs., Inc.*, 372 B.R. at 599). *See also In re Thiessen*, 606 F. Supp. 3d 65, 68 (S.D.N.Y. 2022) ("While the lower court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden.").

## Argument

### I.

### THE APPELLANT HAS WAIVED THE ARGUMENT THAT THE AWARD OF $75,000 IN INTERIM COUNSEL FEES DOES NOT CONSTITUTE A DOMESTIC SUPPORT OBLIGATION

The Appellant argues that, in finding that the $75,000 in interim counsel fees ordered by the Matrimonial Court constituted a domestic support obligation, there was "[n]o evidentiary hearing or factual findings regarding the relative finances, needs, or purpose of the award were

4

made" by the Bankruptcy Court, Br.[2] at 5, and the Bankruptcy Court erred by "deferring to state court labels instead of conducting the independent, fact-intensive review mandated by § 523(a)(5)," *id.* at 4.

In his opening brief on the underlying motion, Dr. Wood all but conceded that the $75,000 in interim counsel fees constitutes a domestic support obligation. There, Dr. Wood described the July 2024 Order as "granting Ms. Fox's request for an award of interim counsel fees in the amount of Seventy-Five Thousand Dollars ($75,000.00), and sanctions against the Debtor in the amount of Twenty-Five Thousand ($25,000.00)." Bankr. ECF Doc. No. 19 at 2-3. Dr. Wood admitted that, at the Contempt Hearing, "the State Court granted the Debtor until October 25, 2024 to submit opposition to the Motion for Contempt," and that he "did not submit opposition to the Motion for Contempt." *Id.* at 4. Dr. Wood again conceded that the "Seventy-Five Thousand Dollars ($75,000) represents an award of attorney's fees," then asserted – without any legal argument or factual support – that the fee award "is not a domestic support obligation . . . ." *Id.* at 6. While Dr. Wood argued that the order "was a punitive award against the Debtor for his alleged frivolous conduct in prolonging the Matrimonial Action," *id.* at 8, that argument concerned only the "*sanctions* against the Debtor in the amount of Twenty-Five Thousand ($25,000.00)," *id.* (emphasis added), not the "interim counsel fees in the amount of Seventy-Five Thousand Dollars ($75,000.00)," *id.* Other than this single sentence concerning the punitive nature of the $25,000 sanctions portion of the award, Dr. Wood offered only conclusory assertions that the interim counsel fee award by the Matrimonial Court did not constitute domestic support obligations.

---

[2] "Br." refers to the brief submitted by Dr. Wood, filed with this Court on September 24, 2025 (ECF Doc. No. 22), and the corresponding exhibit.

In his reply, Dr. Wood argued for the first time that "in order for a court to determine whether an order of legal fees is in the nature of alimony, maintenance or support, several factors must be analyzed, including, inter alia, income, limited assets and resources, financial obligations, and inability to pay legal fees." Bankr. ECF Doc. No. 24 at 4. *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."); *see also Meyer v. Seidel*, 89 F.4th 117, 128-29 (2d Cir. 2023) ("an issue raised for the first time only in a reply brief has been waived," and "[t]his principle also applies to an argument that, in the party's initial brief, is made only perfunctorily or is 'unaccompanied by some effort at developed argumentation'") (quoting *Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001)). Once again, Dr. Wood's argument was directed at the $25,000 sanction, not the $75,000 interim counsel fees. *See* Bankr. ECF Doc. No. 24 at 4 ("In any event, the [Matrimonial] Court at no time designates this award as being in the nature of a domestic support obligation, for the simple reason that it is not – it is punishment for what the court believed (mistakenly) was Dr. Wood's frivolous conduct."). Even as he argued that "whether an obligation constitutes a domestic support obligation is a fact intensive inquiry," and that "several factors must be analyzed, including, inter alia, income, limited assets and resources, financial obligations, and inability to pay legal fees," *id.* at 4, Dr. Wood did not identify, nor sought to prove, any of the purportedly necessary facts.

"'[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.'" *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)). *See also In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008). Although this rule "is prudential, not jurisdictional," and the reviewing court has "discretion to consider waived arguments," this

6

discretion is exercised only "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding[.]" *Bogle-Assegai*, 470 F.3d at 504 (internal citations and quotation marks omitted). "[T]he circumstances normally do not militate in favor of an exercise of discretion to address . . . new arguments on appeal where those arguments were available to the [parties] below and they proffer no reason for their failure to raise the arguments below." *Id.* (internal citations and quotation marks omitted). *See also Rivera v. Home Depot USA, Inc.*, 776 Fed. Appx. 4, 7 (2d Cir. 2019) ("we decline to consider on appeal matters not sufficiently raised before the district court"); *In re Grubb & Ellis Co.*, 523 B.R. 423, 442 (S.D.N.Y. 2014) ("In accordance with this rule, district courts considering appeals from bankruptcy court refuse to consider arguments that were not properly presented to the bankruptcy court.").

Here, the Appellant cannot claim any manifest injustice – he prevailed in his motion. *See* Decision at 15 ("[T]he Court grants the Debtor's motion to enforce the automatic stay."). "A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *See Trust for the Certificate Holders of the Merrill Lynch Mortg. Investors, Inc. v. Love Funding Corp.*, 496 F.3d 171, 173 (2d Cir. 2007) (internal quotation marks omitted). *See also Camreta v. Greene*, 563 U.S. 692, 704 (2011) ("Our resources are not well spent superintending each word a lower court utters en route to a final judgment in the petitioning party's favor."); *Spencer v. Casavilla*, 44 F.3d 74, 78 (2d Cir. 1994) ("Ordinarily, a party to a lawsuit has no standing to appeal an order unless he can show some basis for arguing that the challenged action causes him a cognizable injury, *i.e.*, that he is aggrieved by the order.") (internal citation and quotation marks omitted).

Nor is the Appellant's challenge based on a question of law and without need for

additional fact-finding. *See* Br. at 5 (arguing that "a searching factual analysis" is required, and that "[n]o evidentiary hearing or factual findings regarding the relative finances, needs, or purpose of the award were made"). The Appellant has waived his challenge that the $75,000 interim counsel fees (rather than the $25,000 sanction) was punitive and not a domestic support obligation.

## II.

### THE BANKRUPTCY COURT'S FINDING THAT THE $75,000 AWARD FOR INTERIM COUNSEL FEES IS A DOMESTIC SUPPORT OBLIGATION WAS NOT CLEAR ERROR

Even if not waived, the Appellant's argument would fail on the merits. The Appellant attempts to mischaracterize the underlying Matrimonial Court orders by asserting that the $75,000 award for interim counsel fees – independently considered and separate from the $25,000 sanction awarded for the Appellant's frivolous conduct – also was punitive. *See* Br. at 5 ("the award was primarily a sanction for litigation conduct, not support"). That is incorrect, as the July 2024 Order and the November 2024 Order make plain.

In the July 2024 Order, the Matrimonial Court found that Dr. Wood had engaged in frivolous conduct warranting sanctions, then determined that the "proper remedy . . . is the payment of Ms. Fox's unnecessary attorney's fees" which she incurred as a result of "Dr. Wood's feigned settlements." July 2024 Order at 3. The court found that "Ms. Fox's request for $25,000.00 as a sanction for Dr. Wood's frivolous conduct is supported by the record and appropriate," and that "Dr. Wood shall pay Ms. Fox $25,000.00 to compensate her for these unnecessary fees." *Id.*

That, however, was only the first part. Following this discussion concerning the sanction award, the Matrimonial Court proceeded to consider the separate question of interim counsel

8

fees. The court ruled that "Ms. Fox's request for interim fees is granted without opposition." *Id.* On the merits, the court observed:

> Pursuant to DRL § 237 (a), the court may direct either spouse to pay counsel fees to enable the other spouse to carry on or defend the action as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. DRL § 237 (a) provides a rebuttable presumption that counsel fees be awarded to the less-monied spouse.
>
> \*   \*   \*
>
> Dr. Wood has already been found to be the more-monied spouse (July 18, 2023 Decision and Order, NYSCEF Doc. No. 125 at p. 2). The most recent available income for each party continues to support this finding. In 2022, Dr. Wood's psychiatry practice earned $650,093 and he reported adjusted gross income of $469,136.[] In 2023, Ms. Fox reported income of $201,571.

*Id.* The Matrimonial Court noted "the circumstances of this matter - which remains substantially unresolved and for which a four[-]day trial has been scheduled in November 2024," and found that "the request for $75,000 in interim counsel fees is reasonable and appropriate." *Id.*

These two aspects of the award were distinct; only the $25,000 was a sanction, while the $75,000 was not. *See id.* at 4 (ordering that "Ms. Fox is awarded interim counsel fees in the sum of $75,000," and that "Dr. Wood is sanctioned in the amount of $25,000 for frivolous conduct"). This sharp distinction between the support and sanction components was highlighted again in the November 2024 Order. There, the Matrimonial Court recounted:

> In its July 2024 Order, the Court found that Dr. Wood negotiated in bad faith, engaged in conduct primarily to prolong the litigation and harass Dr. Fox, and awarded her sanctions in the sum of $25,000. The July 2024 Order also awarded Dr. Fox, the non-monied spouse, $75,000 in interim attorney's fees pursuant to DRL § 237(a) to ensure that she had resources for the four-day trial scheduled in November 2024.

November 2024 Order at 1.

The Bankruptcy Court was mindful of this distinction when it held that only the $75,000

9

in interim counsel fees was a domestic support obligation, and clearly omitted the $25,000 sanction from its finding. *See* Decision at 9 ("Here, the state court required the Debtor to pay $75,000 in attorneys' fees in connection with . . . the Debtor's divorce proceeding based on the court's conclusion that the Debtor is the more-monied spouse. Therefore, the payment obligation is a domestic support obligation under the Bankruptcy Code.") (internal quotation marks and citations omitted).

This determination by the Bankruptcy Court is supported by the Appellant's own cited cases; in each one, the court found that an award for counsel fees constitutes a domestic support obligation. *See In re Maddigan*, 312 F.3d 589, 597 (2d Cir. 2002) (affirming the district court's judgment that debtor's obligation for legal fees imposed by the family court during the proceedings for custody of debtor's daughter was nondischargeable in bankruptcy pursuant to § 523(a)(5) of the Bankruptcy Act); *In re Spong*, 661 F.2d 6, 11 (2d Cir. 1981) (husband's agreement to pay certain of ex-wife's attorney's fees incurred in their divorce proceedings was nondischargeable pursuant to § 523(a)(5)); *In re Rogowski*, 462 B.R. 435, 447 (Bankr. E.D.N.Y. 2011) ("Thus, this Court concludes that the Debtor's obligation to pay Schonfeld's Claim for CER's matrimonial attorney's fees pursuant to the Judgment of Divorce satisfies the definition of a DSO in § 101(14A)," and the claim "is a nondischargeable debt under §§ 523(a)(5) and 1328(a)(2)."); *In re Miller*, 501 B.R. 266, 289 (Bankr. E.D. Pa. 2013) ("[W]hen the underlying domestic relations litigation giving rise to the fee award was the establishment or enforcement of a support obligation, many courts have reasoned that such attorney's fees are themselves inherently in the nature of support.") (internal citations omitted). And while the bankruptcy court in *Miller* found that the state court order "[did] not explain the basis for the court's determination," *i.e.*, whether it was an award of fees as support or for violation of the marital

settlement agreement, the bankruptcy court explained that, if the reason for the award ultimately was the recipient's financial need, it would constitute a domestic support obligation. *See* 501 B.R. at 289 ("As a general principle, categorization of attorney's fees arising from domestic relations litigation as a DSO requires that the award be based, to some degree, on the parties' relative financial need.").

The Second Circuit's decision in *Maddigan* is especially instructive. There, the bankruptcy court found that an award of legal fees in a custody proceeding constituted a domestic support obligation. The district court affirmed, and the debtor again appealed.

In evaluating the bankruptcy court's decision, the Court of Appeals found it satisfactory that the bankruptcy court considered the underlying state court award of fees:

> The bankruptcy court below carefully analyzed the family court's decision in making its factual determination that the order of legal fees was in the nature of support.
>
> \*   \*   \*
>
> The bankruptcy court concluded that the family court's "reliance on considerations of affordability for the child's primary care provider" supported a finding that "Maddigan's obligation to Falk & Siemer is in the nature of support for the debtor's child."

312 F.3d at 595. The Court of Appeals concluded: "Given the bankruptcy court's considered reading of the family court's decision and order, and on our own review of the family court's decision and order, it cannot be said that the bankruptcy court's determination was clearly erroneous." *Id.*

Here, the Bankruptcy Court engaged in the same type of "considered reading" with respect to the Matrimonial Court orders. The Bankruptcy Court noted the posture of the Matrimonial Action at the time the petition was filed: "The Debtor filed for bankruptcy on October 2, 2024. On that date, the state court had scheduled a hearing on Dr. Fox's motion

11

seeking to hold the Debtor in contempt for violating a previous state court order." Decision at 3. The court described the July 2024 Order which, at the time of the petition, already had been issued:

> That previous state court order had, on July 29, 2024, ordered the Debtor to pay $25,000 to Dr. Fox for frivolous conduct during settlement negotiations and $75,000 to her attorneys as interim counsel fees. The state court awarded these interim counsel fees because 1) the Debtor was "the more-monied spouse" and 2) New York Domestic Relations Law § 237(a) "provides a rebuttable presumption that counsel fees be awarded to the less-monied spouse."

*Id.* at 3 (internal citations omitted). The Bankruptcy Court then described the post-petition events which led to the subsequent state court order:

> The state court learned of the Debtor's bankruptcy filing at the October 2, 2024 hearing on the contempt motion, and the state court immediately adjourned that hearing to October 22, 2024.
>
> \*   \*   \*
>
> The state court gave the Debtor the opportunity to object to the motion for contempt and set an October 25, 2024 deadline for filing such an objection. The Debtor filed no objection to the proposed contempt order in state court. The state court thereafter issued a decision and order on November 4, 2024, holding the Debtor in contempt for failure to pay the $75,000 in interim attorneys' fees. The state court's contempt order did not hold the Debtor in contempt with respect to its prior order that the Debtor pay $25,000 in sanctions for frivolous conduct.

*Id*. at 3-4 (internal citations omitted).

The Bankruptcy Court then evaluated both orders to determine whether the awarded amounts should be found to be domestic support obligations. The court began with the July 2024 Order:

> Here, the state court required the Debtor to pay $75,000 in attorneys' fees "in connection with" . . . the Debtor's divorce proceeding based on the court's conclusion that the Debtor is "the more-monied spouse[.]" Therefore, the payment obligation is a

12

> domestic support obligation under the Bankruptcy Code.

Decision at 9 (internal citations omitted). The court then considered the November 2024 Order:

> The November 4, 2024 state court order does not concern the $25,000 sanction the state court had previously ordered the Debtor to pay for frivolous conduct in settlement negotiations. For this reason, under [*In re Kalsi*], the whole of the November 4, 2024 state court order pertains to "the collection of a domestic support obligation." 11 U.S.C. § 362(b)(2)(B).

*Id*. (citing *In re Kalsi*, 631 B.R. 369, 371-72 (Bankr. S.D.N.Y. 2021) ("It is well-settled that attorneys' fees awarded to a spouse in connection with a divorce proceeding are domestic support obligations within the meaning of section 101(14A).")). Nothing more, and nothing different, was required of the Bankruptcy Court. *See In re Maddigan*, 312 F.3d at 595.

Nor was anything more required of the Matrimonial Court. The Appellant argues that "neither [the July 2024 Order nor the November 2024 Order] contained the requisite comprehensive financial analysis to show that either attorney's fee award functioned 'in the nature of support' for the appellee or for the couple's child," and that the "the classification of the $75,000 pre-petition debt for appellee's attorney's fees lacks the required evidentiary support" to be found to be domestic support obligation. Br. at 6. According to the Appellant: "Notably, disaggregated income, expenses, assets, liabilities, differential income tax burdens, and the impact of significant transfers between the parties such as child support is completely absent." *Id*. at 5.

More notable is that the Appellant failed to make these arguments before the Matrimonial Court, and that he then chose not to appeal. In the July 2024 Order, and before proceeding to the merits, the Matrimonial Court observed that "Dr. Wood did not submit any opposition to Ms. Fox'[s] motion, despite two adjournments to do so." July 2024 Order at 1. The Appellant also failed to make any argument concerning any "requisite comprehensive financial analysis," Br. at

13

6, in the subsequent contempt motion. In the November 2024 Order, the Matrimonial Court found:

> At the time the motion was filed and served, and through October 8, 2024, Dr. Wood was represented by Deborah Blum, Esq. Neither Ms. Blum nor Dr. Wood filed opposition papers on September 24, 2024, nor did they request an extension of time to do so.
>
> \*   \*   \*
>
> The Court adjourned the motion on its own initiative to October 22, 2024. On that date, Dr. Wood appeared, *pro se*, and [Ms.] Fox appeared with her attorney, Judy White, Esq.
>
> \*   \*   \*
>
> The Court . . . granted Dr. Wood until October 25, 2024 to submit opposition to the motion for contempt.
>
> Dr. Wood failed to submit opposition to the contempt motion by October 25, 2024.

November 2024 Order (internal citations omitted).

The Appellant is also wrong on the merits. "When a party to a divorce action requests an interim award of counsel fees, as opposed to a final award, no such detailed inquiry is warranted. An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse." *Prichep v. Prichep*, 52 A.D.3d 61, 65 (2d Dep't 2008) (reversing denial of award of interim counsel fees).

In the July 2024 Order, the Matrimonial Court found:

> Dr. Wood has already been found to be the more-monied spouse [in a prior decision dated July 18, 2023]. The most recent available income for each party continues to support this finding. In 2022, Dr. Wood's psychiatry practice earned $650,093 and he reported adjusted gross income of $469,136.[] In 2023, Ms. Fox reported income of $201,571. While the Court is not required, on an interim fee application, to undertake a detailed inquiry to determine whether a party has engaged in unnecessary litigation or conduct to delay proceedings, the Court has already done so here[.]

14

July 2024 Order at 3.

There was no clear error in the Bankruptcy Court's determination, based on its thorough and thoughtful consideration of the Matrimonial Court's own thorough and thoughtful orders, that the award of $75,000 interim counsel fees is a domestic support obligation.

## III.

### THE BANKRUPTCY COURT'S DECISION WAS NOT BASED ON ANY FINDING OF BAD FAITH BY THE APPELLANT

The Appellant argues that "[t]he Bankruptcy Court inferred bad faith based on an assertion that was introduced in error and subsequently corrected in a later filing." Br. at 6. It is unclear which portion of the Decision this argument seeks to attack; as best as the Appellee can surmise, the Appellant objects to the Bankruptcy Court's brief consideration of the Appellant's potential motivation in filing a bankruptcy petition when he did. *See* Decision at 15 (observing that the action "appears to be a disfavored use of bankruptcy processes as a weapon in his matrimonial proceeding against [the Appellant's] wife").

This observation, however, appears near the end of the Bankruptcy Court's discussion of whether punitive damages should be imposed, and followed a far fuller explanation of the reasons for its decision. While given brief mention, the Appellant's conduct was not included in the court's summary of its analysis and the conclusion it reached: "Given the marginal economic significance of the stay violation, the predominantly stay-excepted nature of the relief sought, and the seemingly genuine misunderstanding of Ms. Fox's counsel of the need for a limitation on the reach of the relief she sought, the Court declines to impose punitive damages here." Decision at 15.

**[The remainder of this page is intentionally left blank.]**

15

## Conclusion

For the foregoing reasons, the Bankruptcy Court's Decision, dated May 13, 2025, and Order, dated June 3, 2025, should be affirmed in all respects.

Dated:  October 24, 2025

                                            Respectfully submitted,

                                            LEE ANAV CHUNG WHITE
                                            KIM RUGER & RICHTER LLP

                                            By: _____
                                                 Michael M. Yi

                                            99 Madison Avenue, 8th Floor
                                            New York, New York  10016
                                            (212) 271-0664

                                            *Attorneys for Appellee*
                                            *Tamara Fox*