UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    :
WILLIAM CURTIS WOOD,                                      :
Debtor.                                                   :
------------------------------------------------------------X    Case No. 25-cv-4722-GHW
WILLIAM CURTIS WOOD,                                      :
Debtor-Appellant,                                         :
                                                          :
v.                                                        :
                                                          :
TAMARA FOX,                                               :
Creditor-Appellee.                                        :
------------------------------------------------------------X

**Case No 1:25-cv-04722-GHW**
**On Appeal from the United States Bankruptcy Court for the Southern District of New York Bankruptcy Case No. 24-11718 (DSJ)**

**Appeal of May 13, 2025 Decision and June 3, 2025 Order**

**APPELLANT'S REPLY BRIEF**

**Debtor-Appellant:**
William Curtis Wood (Pro Se)
250 West 104th Street, #61
New York, NY 10025
Tel: (917) 885-9444
Email: williamcwoodnyc@gmail.com

**Disclosure Statement**

Appellant is an individual and a pro se litigant. No corporate disclosure required.

**Table of Contents**

I. Introduction ................................................................................................................. 1

II. No Waiver of DSO Challenge ..................................................................................... 2

III. De Novo Standard for DSO Classification ................................................................. 3

IV. Lack of Support-Function Analysis / Punitive Purpose ............................................... 3

    A. No detailed financial analysis ................................................................................ 3

    B. Punitive and deterrent context ................................................................................ 4

V. Narrow Relief Requested ............................................................................................. 5

VI. Willful Reliance on Disputed DSO Theory ................................................................. 5

VII. Serious, Not "Limited and Marginal," Stay Violation ................................................. 7

VIII. Appellant's Proper Use of Bankruptcy ........................................................................ 8

IX. Conclusion ................................................................................................................... 9

## Table of Authorities

**Statutes**

11 U.S.C. § 101(14A) ........................................................................................................ 1, 3, 9, 10

11 U.S.C. § 362(a) ................................................................................................................... 6

11 U.S.C. § 362(b)(2) .............................................................................................................. 6

11 U.S.C. § 362(k) ................................................................................................................... 6

11 U.S.C. § 523(a)(5) .................................................................................................. 1, 3, 6, 9, 10

11 U.S.C. § 523(a)(15) ............................................................................................................. 6

11 U.S.C. § 707 ....................................................................................................................... 8

N.Y. Dom. Rel. Law § 237(a) ............................................................................................. 1-4, 9


**Bankruptcy and District Court Decisions / Orders**

July 18, 2023 Sup. Ct. Decision and Order (Mot. 003), Bankr. ECF No. 23-2 ......................... 4, 9

July 29, 2024 Sup. Ct. Decision and Order (Mot. 005), Bankr. ECF No. 23-3 .................. 2, 4-5, 9

Nov. 4, 2024 Sup. Ct. Decision and Order (Mot. 006), Bankr. ECF No. 18-5 .................... 6-8, 10

May 13, 2025 Bankr. Ct. Decision on Debtor's Motion, Bankr. ECF No. 27 ................. 2–5, 8–10

June 3, 2025 Bankr. Ct. Order Relating to Dec. on Debtor's Motion, Bankr. ECF No. 31 ...... 2, 6


**Other Record Materials**

Appellant's Opening Brief, R. Doc. 22 …................................................................................. 9

Appellee's Brief, R. Doc. 24 …......................................................................................... 1, 5, 7–8

Apr. 10, 2025 Hr'g Tr., Bankr. ECF No. 43 …......................................................................... 2

Debtor's Motion to Enforce Automatic Stay, Bankr. ECF No. 19 …................................ 2, 5–7, 9

Debtor's Reply in Support of Mot. to Enforce Automatic Stay, Bankr. ECF No. 24 ……........ 2, 9

Kirby 10/02/24 Letter to White re Bankruptcy Filing, R. Doc. 8-1 at 3-4 …........................... 6–7

Kirby 10/21/24 Email to White, Bankr. ECF No. 18-2 …………………………….......  6–7, 10

Kirby 10/30/24 Letter to Wood, Bankr. ECF No. 18-4 …..................................................... 6–7, 10

Objection to Debtor's Motion, Bankr. ECF No. 23 ………………………………………... 2

Oct. 22, 2024 Contempt Conf. Tr., R. Doc. 8-1 at 6–35 …................................................... 5, 7- 8

White 10/09/24 Letter to Kirby, Bankr. ECF No. 18-3 …................................................... 6–7, 10

**I.   Introduction**

This appeal challenges the Bankruptcy Court's conclusion that the July 29, 2024 interim counsel-fee award of 75,000 dollars is a "domestic support obligation" under 11 U.S.C. §§ 101(14A), 523(a)(5) without the required federal "in the nature of support" analysis, even though no court has made findings showing that the award functions as support rather than as a punitive, fee-shifting sanction.

**II.   Appellant Did Not Waive His Right to Challenge DSO Classification of the Attorneys' Fee Award**

Appellee's waiver theory misstates both the scope of Debtor's original motion and what occurred in the Bankruptcy Court. Debtor's Motion for Sanctions and to Enforce the Automatic Stay, brought under 11 U.S.C. §§ 362 and 105, sought to (i) declare the post-petition November 4, 2024 contempt order void, (ii) enforce the stay, and (iii) obtain damages for a willful stay violation; it did not ask the Bankruptcy Court to determine whether the $75,000 fee award was a DSO or concede that issue. (Debtor's Mot. to Enforce Stay, Bankr. ECF[1] No. 19 at 1–2, 10–11.)

Only after Appellee affirmatively injected the support characterization into the stay-enforcement proceedings did Appellant contest it. In her Objection, Ms. Fox argued that the July 29, 2024 $75,000 interim counsel-fee award was granted under N.Y. Dom. Rel. Law § 237(a) "to ensure

---

[1] "Bankr. ECF" refers to the docket in the underlying case before the United States Bankruptcy Court for the Southern District of New York, *In re William Curtis Wood*, Bankruptcy Case No. 24-11718 (DSJ). All documents cited in the brief are listed in the Appellant's Designation of Record on Appeal, dated July 1, 2025. See Record Doc. 8 at 1-4.

1

that Ms. Fox would have sufficient resources for trial," and asserted that § 237(a) "governs payment of counsel fees as support," urging the court to treat the award as a DSO exempt from the stay and nondischargeable. (Obj. to Debtor's Mot., Bankr. ECF No. 23 at 3–4 ¶¶ 14, 17; July 29, 2024 Decision and Order, Bankr. ECF No. 23-3 at 3–5.)

Debtor's Reply squarely disputed that framing, emphasizing that the July 29 order combined a $75,000 interim fee award with a $25,000 sanction, and that the state-court record described and enforced the obligation as punishment for alleged litigation misconduct rather than as support tailored to need. (Debtor's Reply, Bankr. ECF No. 24 at 2–4; Bankr. ECF No. 23-3 at 3–5.) At the April 10, 2025 hearing, Debtor's counsel likewise argued that the July 29 order functioned as a punitive fee-shifting device enforced through contempt, and that the nature of the $75,000 obligation therefore remained a live legal issue under bankruptcy law. (Apr. 10, 2025 Hr'gTr., Bankr. ECF No. 43 at 18–21, 27–28.)

The Bankruptcy Court then went beyond the stay question and expressly held that "the payment obligation is a domestic support obligation under the Bankruptcy Code," relying on the state court's "more-monied spouse" finding and the presumption in DRL § 237(a). The ensuing Order incorporated that ruling. (Decision on Debtor's Mot. to Enforce Automatic Stay (Bankr. S.D.N.Y. May 13, 2025), Bankr. ECF No. 27 at 3, 8–9; Order Relating to Decision on Debtor's Mot. to Enforce Automatic Stay (Bankr. S.D.N.Y. June 3, 2025), Bankr. ECF No. 31 at 1 (third "ORDERED" paragraph).) Appellant's Statement of Issues on Appeal identifies this DSO

2

determination as the first issue on appeal. (Record[2] Doc. 8 at 5.) On this record, there is no waiver. Appellee raised the DSO theory; Debtor opposed it in writing and at argument; and the Bankruptcy Court adopted it in the Decision now under review, making it fully preserved for appellate review.

**III.   The Standard of Review is De Novo as the Legal DSO Test**

Factual findings are reviewed for clear error, but whether a debt satisfies the statutory definition of a "domestic support obligation" under 11 U.S.C. §§ 101(14A) and 523(a)(5) is at least a mixed question of law and fact. To the extent the Bankruptcy Court treated any counsel-fee award under N.Y. Dom. Rel. Law § 237(a) as automatically a DSO—based solely on the "more-monied spouse" label and state-law presumption, without independently applying the federal "in the nature of support" test—it applied the wrong legal standard. (Bankr. ECF No. 27 at 3, 8–9.) Correcting that legal error is subject to de novo review and does not require re-weighing credibility or receiving new evidence. Appellant asks only that this Court require a proper federal DSO analysis on the existing record.

**IV.   The Record Shows No Support-Function Analysis and an Expressly Punitive Purpose**

A.  *No detailed financial analysis of support function:* Under §§ 101(14A) and 523(a)(5), only obligations "in the nature of alimony, maintenance, or support" qualify as DSOs, which requires

---

[2] 'Record Doc.' refers to documents in this case docket before the United States District Court for the Southern District of New York, Appeal Case No. 1:25-cv-04722-GHW. Citations to this docket appear as 'Record Doc. __ at __' on first reference and 'R. Doc. __ at __' thereafter."

3

a fact-intensive assessment of income, expenses, assets, liabilities, tax burdens, existing support payments, and how the obligation actually functions. The July 18, 2023 attorneys'-fee decision, however, compared only adjusted gross incomes and gross practice revenue, without analyzing expenditures, assets, debts, tax consequences, support transfers, or the parties' unequal share of add-on child expenses. (July 18, 2023 Decision and Order, Bankr. ECF No. 23-2 at 40–42.)

Twelve months later, the July 29, 2024 Decision and Order awarding an additional $75,000 in interim counsel fees and a $25,000 sanction but conducted no new financial analysis; it simply incorporated the 2023 ruling and labeled Debtor the "more-monied spouse" under DRL § 237(a). (Bankr. ECF No. 23-3 at 2–5.) That cursory treatment may support a presumptive fee award under state law, but it does not satisfy the federal requirement to show that this $75,000 obligation actually functions "in the nature of support". The Bankruptcy Court then adopted those labels as dispositive, concluding that because the state court required Debtor to pay $75,000 in fees "in connection with" the divorce based on the prior "more-monied spouse" finding, the obligation "is a domestic support obligation under the Bankruptcy Code," without making its own detailed findings regarding income, expenses, assets, debts, tax effects, support transfers, or the award's primary function. (Bankr. ECF No. 27 at 3, 8–9; Bankr. ECF No. 23-2 at 40–42; Bankr. ECF No. 23-3 at 2–5.)

B. *The state-court record frames the awards as punishment and deterrence:* The July 29, 2024 Decision and Order and the October 22, 2024 state-court conference transcript also show that the $75,000 fee award and the separate $25,000 sanction were imposed in a punitive, coercive context rather than to meet ongoing support needs. The July 29 order expressly couples the

4

interim-fee award with a $25,000 sanction for alleged frivolous conduct in connection with settlement negotiations and trial preparation, emphasizing deterrence of perceived litigation misconduct. (Bankr. ECF No. 23-3 at 3–5.) At the October 22, 2024 conference on Ms. Fox's contempt motion, the court and counsel discussed incarceration as a potential consequence and focused on enforcing the July 29 fee and sanction order through contempt, not on any shortfall in Ms. Fox's ability to meet basic living expenses. (Oct. 22, 2024 Conf. Tr., *Wood v. Fox*, Index No. 365159/2020 (N.Y. Sup. Ct. N.Y. Cnty.), R. Doc. 8-1 at 6–9, 18–19.)

Taken together, those state-court materials confirm that the $75,000 obligation was structured and enforced as a fee-shifting and punitive device, not as a need-based support award, underscoring why the Bankruptcy Court's automatic DSO classification cannot stand without a proper, fact-specific federal analysis.

V.  **Narrow Relief Requested**

Appellant does not challenge the Bankruptcy Court's holdings that Ms. Fox's contempt order violated the automatic stay or its award of up to $5,000 in actual damages as an offset. That stay-violation ruling can and should stand. (Bankr. ECF No. 27 at 2–4, 11–15.) The narrow relief sought is vacatur of the Decision's conclusion that the $75,000 July 29, 2024 fee award is a domestic support obligation, and, on de novo review, a determination on this record that the award does not meet the federal "nature of support" standard and therefore should not be classified as a DSO. In the alternative, Appellant requests a remand for the Bankruptcy Court to apply the correct federal legal test and make specific findings regarding the award's actual function on an appropriate evidentiary record in light of the parties' detailed financial

circumstances and the punitive context of the state-court orders. (Bankr. ECF Nos. 23-2, 23-3, 27, 31; Bankr. ECF No. 19 ¶¶ 12–20.)

## VI. Ms. Fox and Her Counsel Willfully Relied on a Disputed DSO Theory to Pursue Contempt and Collection during the Stay

Appellee minimizes the conduct that led Debtor to seek stay enforcement, but the designated record shows a deliberate course of action premised on a disputed DSO theory despite repeated notice of the automatic stay. (Appellee's Br., R. Doc. 24 at 4–13; Mot. to Enforce Automatic Stay, Bankr. ECF No. 19 ¶¶ 12–20; Bankr. ECF Nos. 18-2, 18-3, 18-4, 18-5.)

On October 2, 2024, Debtor's bankruptcy counsel Dawn Kirby[3] notified Ms. White of the Chapter 7 filing, enclosed the Notice of Bankruptcy, cited 11 U.S.C. § 362(a)(1), (3), and (6), and requested written assurance that no further action would be taken against Debtor. (Kirby 10/2/24 Letter, R. Doc. 8-1 at 3–4.) On October 9, 2024, Ms. Fox's counsel replied that Debtor's obligations were "domestic support obligations" outside the automatic stay and nondischargeable, expressly invoking §§ 362(b)(2) and 523(a)(5), (15). (White 10/9/24 Letter, Bankr. ECF No. 18-3 at 1–2.) Kirby then wrote on October 21 and 30, 2024, explaining that contempt proceedings on prepetition obligations violated § 362(a)(1), (3), and (6), that any resulting order would be void, and that such conduct could subject Ms. Fox and her counsel to sanctions under § 362(k); the October 30 advisory letter was also filed in the matrimonial docket

---

[3] Debtor is represented by Dawn Kirby, Esq., in Bankruptcy Case No. 24-11718 (DSJ), but appears pro se in this district-court appeal.

6

on October 31, 2024. (Kirby 10/21/24 Email & 10/30/24 Letter, Bankr. ECF Nos. 18-2, 18-4; Bankr. ECF No. 19 at 4–5 ¶ 18.)

Despite these warnings, Ms. Fox and her counsel proceeded with the October 22, 2024 Supreme Court conference on the contempt motion, where the court and counsel discussed incarceration, Debtor advised the court of his October 2 bankruptcy filing, and the parties disputed whether the stay applied, with Ms. Fox's counsel insisting that it did not. (R. Doc. 8-1 at 6–9, 11–12, 18–19.) On November 4, 2024, the matrimonial court granted the contempt motion, held Debtor in civil contempt of the July 29, 2024 fee order, imposed a $75,000 contempt "fine" equal to the unpaid interim fee, directed payment within thirty days, and authorized entry of a $75,000 money judgment upon nonpayment. (Nov. 4, 2024 Decision and Order, Bankr. ECF No. 18-5 at 2–4.)

These undisputed facts show that Ms. Fox and her counsel willfully relied on a contested DSO theory to continue contempt and collection efforts during the Chapter 7 case, despite explicit notice of the automatic stay and its potential sanctions. (R. Doc. 8-1 at 3–4; Bankr. ECF Nos. 18-2, 18-3, 18-4, 18-5, 19.) That history underscores why the Bankruptcy Court's DSO misclassification is not harmless or academic, but has concrete enforcement consequences for Debtor, including the threat of incarceration.

**VII. The Record Shows a Serious Stay Violation, Not a "Limited and Marginal" One**

Appellee characterizes the stay violation as "limited and marginal," yet the record reflects a sustained effort to obtain and enforce a post-petition contempt order on a substantial prepetition obligation unilaterally labeled a DSO. (R. Doc. 24 at 18–19; Bankr. ECF No. 18-5 at 2–4.) The

7

November 4, 2024 contempt order imposed a $75,000 contempt "fine," set a 30-day payment deadline, and authorized entry of a $75,000 money judgment upon nonpayment—classic coercive devices to collect a prepetition fee/sanction award during the Chapter 7 case. (Bankr. ECF No. 18-5 at 2–4.)

The Bankruptcy Court correctly held that this conduct violated the automatic stay, but its Decision minimized the seriousness of that violation while adopting Ms. Fox's DSO characterization of the $75,000 fee award. (Bankr. ECF No. 27 at 3, 8–9, 14–15.) Given the size of the obligation, the use of contempt, the risk of incarceration and a $75,000 money judgment, and the detailed pre-contempt correspondence about the stay and claimed DSO exceptions, the violation was neither technical nor marginal. (R. Doc. 8-1 at 9, 18–19; Bankr. ECF No. 18-5 at 2–4; Bankr. ECF No. 27 at 3, 8–9, 14–15.) It was a deliberate attempt to collect a disputed prepetition fee/sanction award under a contested DSO theory, so the legal error in classifying the award as a domestic support obligation is outcome-determinative rather than academic.

**VIII. Appellant's Proper Use of Chapter 7 Bankruptcy**

Appellee portrays Debtor's Chapter 7 case as a bad-faith effort to "weaponize" bankruptcy against the matrimonial court and Ms. Fox, but the record contains no evidentiary finding of bad faith and no dismissal under 11 U.S.C. § 707. The May 13, 2025 Decision was issued on motion papers and a brief hearing, without any evidentiary hearing on Debtor's motives, and the Bankruptcy Court did not dismiss the case or deny discharge based on alleged bad-faith use of Chapter 7. (Bankr. ECF No. 27 at 1–3, 14–15.) The rhetoric in Appellee's Brief goes well beyond those limited findings and cannot substitute for the statutory analysis required by §§

8

101(14A), 523(a)(5), and 362 in classifying the $75,000 fee award. (Appellee's Br., R. Doc. 24 at 4–8, 18–19.)

Debtor's motion in the Bankruptcy Court did not seek to relitigate the divorce or erase Ms. Fox's fee award; it sought to enforce the automatic stay and the remedies Congress provided for prepetition debts and post-petition contempt orders. (Bankr. ECF No. 19 at 1–2, 7–11.) Debtor then responded on the merits when Ms. Fox argued that the $75,000 fee award was a DSO, disputing that characterization and the use of contempt to collect the award during the stay. (Bankr. ECF No. 24 at 2–3.) Debtor thus used Chapter 7 for its intended purpose—to obtain a centralized bankruptcy-court determination whether this substantial prepetition obligation is subject to stay enforcement and whether, under federal law, it is "in the nature of support" or instead a punitive, fee-shifting debt—precisely the narrow issue presented in this appeal. (Bankr. ECF No. 27 at 3, 8–9; Appellant's Br., R. Doc. 22 at 4–8.)

**IX.  Conclusion**

This appeal presents a narrow but important question: whether a $75,000 interim counsel-fee award, imposed in the same order as a $25,000 sanction and enforced post-petition through contempt, was properly classified as a "domestic support obligation" under 11 U.S.C. §§ 101(14A) and 523(a)(5) on the current record. The matrimonial decisions relied on DRL § 237(a), the "more-monied spouse" label, and top-line income figures, but did not make the detailed findings necessary to determine whether this obligation was intended to, and actually does, function "in the nature of support" rather than as punitive fee-shifting. (Bankr. ECF No. 23-2 at 40–42; Bankr. ECF No. 23-3 at 3–5; Bankr. ECF No. 27 at 3, 8–9.)

9

At the same time, Ms. Fox and her counsel used a disputed DSO theory to continue contempt and collection efforts on this prepetition award after the Chapter 7 filing, despite written notice from Debtor's counsel that such conduct violated the automatic stay and risked sanctions. (Bankr. ECF Nos. 18-2, 18-3, 18-4, 18-5; Bankr. ECF No. 19 at 1–2, 7–11.) The Bankruptcy Court correctly found a stay violation but then treated it as marginal and, more importantly, accepted the DSO characterization without the independent federal analysis that §§ 101(14A) and 523(a)(5) require. (Bankr. ECF No. 27 at 3, 8–9, 14–15.)

Nothing in this appeal seeks to reopen custody, basic child support, or the parties' substantive divorce terms; the requested relief is legal and limited. Appellant asks only that the $75,000 fee award not be treated as a DSO absent the findings that federal law requires, and that the automatic stay and DSO provisions be applied on the basis of evidence rather than labels. It is respectfully requested that the Court either hold on de novo review that the present record does not support DSO status or, alternatively, remand for application of the correct "in the nature of support" standard to the existing record with appropriate findings.

Dated: New York, New York
December 8, 2025

Respectfully submitted,

*/s/ William Curtis Wood*

_____
WILLIAM CURTIS WOOD
250 West 104th Street, Apt. 61
New York, NY 10025
(917) 885-9444
Email: williamcwoodnyc@gmail.com
Appellant, Pro Se

10