```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/09/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:

WILLIAM CURTIS WOOD,

Debtor.

------------------------------------------------------------X    Case No. 1: 25-cv-4722-GHW

WILLIAM CURTIS WOOD,

Debtor-Appellant,

v.

TAMARA FOX,

Creditor-Appellee.

------------------------------------------------------------X

# MEMORANDUM ENDORSED

Re: Wood v. Fox, No. 1:25-cv-04722-GHW – Motion to Accept Late-Filed Reply Brief

Dear Judge Woods:

Appellant William Curtis Wood, appearing pro se, respectfully requests that the Court accept for filing his Reply Brief in this bankruptcy appeal, notwithstanding that the November 28, 2025 deadline set by the Court's November 6, 2025 memorandum endorsement (ECF No. 28) has passed. Appellant submits that his 10-day delay is the result of excusable neglect under Federal Rule of Bankruptcy Procedure 8011(a) and that accepting the Reply Brief will not prejudice Appellee.

By motion dated November 5, 2025, Appellant requested, and the Court granted, a 21-day extension of the reply deadline, from November 7 to November 28, 2025. In seeking that extension, Appellant explained that overlapping professional and parenting responsibilities, preparation for a November 6, 2025 status conference in the related matrimonial action, and efforts to secure additional employment had significantly constrained the time available to complete a clear and thorough Reply Brief.

Shortly thereafter, events in the matrimonial case further compressed Appellant's time. On November 20, 2025, Ms. Fox filed a new motion in Supreme Court, New York County, seeking to hold Appellant in contempt for failure to pay the same approximately $70,000 balance of interim attorneys' fees that is at the center of this appeal. The court signed an order to show cause on November 24, 2025 and scheduled a conference on that motion for December 1, 2025, with the appearance marked for oral argument. In the days leading up to Thanksgiving and the following weekend, Appellant devoted substantial time to preparing a strategy and assembling detailed financial documentation in case testimony or evidentiary presentation would be required

1

at the December 1 conference, while also maintaining his outpatient child and adolescent psychiatry practice and caring for his 14-year-old son.

In an effort to move the matrimonial matter toward a global resolution and reduce ongoing conflict, Appellant recently retained matrimonial counsel on a limited-scope basis to pursue settlement. Counsel advised Appellant on the new contempt motion and, on the morning of December 1, informed him that the Supreme Court conference would be for counsel only. That clarification allowed Appellant to attend a previously scheduled half-day, on-site interview with a prospective employer with whom he had already engaged in a series of remote interviews over the prior two weeks.

Appellant and his matrimonial counsel have since been working to explore a middle-ground financial settlement, given that custody, parenting time, and basic child support have already been resolved. They also participated in a December 3, 2025 conference with the Special Referee's office of the NYS Supreme Court to determine whether mediation remained feasible; Ms. Fox declined further mediation, and the case is now being referred toward trial. Once those proceedings concluded, Appellant returned his focus to finalizing this Reply Brief and reducing it to the 10-page limit. By the end of that week, the combination of active parenting duties, a heavy clinical caseload, the new contempt proceedings, and settlement efforts had left Appellant with limited time and energy for legal writing. Given the complexity of the domestic-support-obligation and automatic-stay issues, he concluded that he could not complete a careful, rule-compliant brief by November 28 without sacrificing clarity or accuracy.

Appellant has now completed a 10-page Reply Brief that conforms to the applicable formatting rules and is limited to answering Appellee's arguments and addressing the legal conclusions in the Bankruptcy Court's decision. The delay from November 28, 2025 to December 8, 2025 is 10 days. No prejudice will result to Appellee from the Court's consideration of the Reply Brief: the appeal is otherwise fully briefed, no oral-argument date has been set, and the Reply focuses on the existing record and issues already presented in the Opening Brief and Appellee's opposition. By contrast, the outcome of this appeal is materially significant to Appellant, because the $75,000 interim fee award at issue continues to be enforced through contempt proceedings in state court.

Appellant did not file a second extension request before November 28, 2025 due to inadvertence, stemming from his pro se status and the overlapping demands described above, not any intent to disregard the Court's order or to delay the appeal. Under the Pioneer excusable-neglect factors, the short length of the delay, the absence of demonstrated prejudice to Appellee, the good-faith efforts to comply with both this Court's briefing schedule and urgent state-court obligations, and the importance of a complete presentation on the domestic-support-obligation issue all weigh in favor of granting this request.

For these reasons, Appellant respectfully asks that the Court (1) accept his Reply Brief for filing as of the date it is submitted on ECF, and (2) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 8, 2025

Respectfully submitted,

*/s/ William Curtis Wood*

_____
WILLIAM CURTIS WOOD
250 West 104th Street, Apt. 61
New York, NY 10025
(917) 885-9444
Email: williamcwoodnyc@gmail.com
Appellant, Pro Se

Application granted. The Court will consider Appellant's Reply Brief at Dkt. No. 29. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 28.

SO ORDERED.

Dated: December 9, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge